UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br>     Plaintiff, <br><br>  v. <br><br>LOCAL UNION 82, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br><br>     Defendant. | Civil Action No. 3:13-CV-00 012 <br><br>Judge |

## COMPLAINT

The Plaintiff, Hilda L. Solis, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This complaint is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the June 4, 2012 election and June 25, 2012 election for the office of Business Manager conducted by Local Union 82, International Brotherhood of Electrical Workers ("Defendant" or "Local 82") are void, and directing the Defendant to conduct a new election for this office under the Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

1

## PARTIES

4. The Plaintiff, Hilda L. Solis, is the duly appointed Secretary of Labor, United States Department of Labor. The Plaintiff is authorized to bring this case under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. The Defendant is, and at all times relevant to this case, has been an unincorporated association within the County of Montgomery, Ohio, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. The Defendant is, and at all times relevant to this case, has been a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. The Defendant, purporting to act pursuant to its Bylaws, the International Brotherhood of Electrical Workers' ("IBEW") Constitution and IBEW's Local Union Election Guide, conducted an election of union officers on June 4, 2012, and a run-off election for the office of Business Manager on June 25, 2012. These elections were subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By emails sent to the IBEW Fourth District Vice President on June 26, 2012 and July 2, 2012, Grady Mullins, a member in good standing of the Defendant, protested the election results for the office of Business Manager.

9. By letter to Mr. Mullins dated August 20, 2012, the IBEW Fourth District Vice President denied the protest.

10. Having exhausted the remedies available and having received a final decision, Mr. Mullins filed a timely complaint with the Secretary of Labor on September 20, 2012, within the one calendar month required by section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

11. By letter signed October 10, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to December 17, 2012.

12. By letter signed December 4, 2012, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to January 18, 2013.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's June 4, 2012 election and the June 25, 2012 run-off election; and (2) that such violation had not been remedied at the time of the institution of this case.

## CAUSE OF ACTION

14. The Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that the incumbent candidate for Business Manager used union equipment to create campaign literature supporting the incumbent's candidacy that was subsequently disseminated to hundreds of Local 82 members.

15. The Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that individuals engaged in campaign activities, including sending emails containing campaign literature to a printing company for later dissemination to union members while on time paid by the union.

16. The Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election in that a vehicle owned by Local 82 was used to transport campaign material for the union officer elections.

17. The violations of section 401(g) of the Act (29 U.S.C. 481(g)) may have affected the outcome of the Defendant's election for the office of Business Manager.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

(a) declare the Defendant's June 4, 2012 and June 25, 2012 elections for the office of Business Manager to be void;

(b) direct the Defendant to conduct a new election for that office under the supervision of the Plaintiff; and

(c) award the costs of this case.

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney

By: *s/Margaret A. Schutte*
     Margaret A. Schutte
     Assistant United States Attorney