IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| THOMAS A. PEREZ, Secretary of Labor, United States Department of Labor, | Civil Case No. 3:13CV00012 |
| Plaintiff, | Judge Walter H. Rice |
| v. | |
| LOCAL UNION 82, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | |
| Defendant. | |

## STIPULATION OF SETTLEMENT

Plaintiff, Thomas A. Perez, Secretary of Labor (the Secretary), and Defendant, Local Union 82, International Brotherhood of Electrical Workers (Local 82), stipulate and agree to settlement of this dispute as follows, and respectfully request that the court so order:

1. This action was brought by the Secretary pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, et seq., (LMRDA), for the purpose of voiding the results of the June 4, 2012 election and June 25, 2012 run-off election of union officers for the office of Business Manager conducted by Local 82 and requesting a new election under the supervision of the Secretary of Labor.

2. In his complaint, the Secretary contends that Local 82 violated section 401(g) of the LMRDA, 29 U.S.C. § 481(g), during the conduct of the elections referenced above.

3. Local 82 explicitly denies any violation of any provisions of Title IV of the LMRDA in its June 4, 2012 election and June 25, 2012 run-off election.

4. The Parties, in settlement of this action and in order to avoid time consuming and costly litigation, stipulate that Local 82 will conduct their next regularly scheduled election of union officers (including nominations), to be completed no later than June 30, 2015. The election will be supervised by the Secretary of Labor, or his designee.  Local 82 will install the new officers pursuant to the IBEW International Constitution and the Local 82 Bylaws no later than July 15, 2015.

5. The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 U.S.C. § 481, et seq.) and, insofar as lawful and practicable, in accordance with the Constitution of the International Brotherhood of Electrical Workers and the Bylaws of Local 82, unless otherwise contrary to the LMRDA.

6. All decisions as to the interpretation or application of Title IV of the LMRDA relating to the supervised election are to be determined by the Secretary or his designated representative, and his decision shall be final, except as subject to review in this court. All interpretations consistently placed by IBEW and Local 82 on their constitutions and bylaws will be accepted by the Secretary in the supervised election unless any such interpretation is clearly unreasonable or otherwise contrary to the LMRDA.

7. No trial on the merits of this action has occurred, and no finding of any violation of the LMRDA, by a preponderance of the evidence or otherwise, has occurred, as is required under 29 USC Section 482(c). This Agreement specifically affirms that no such finding may be concluded or inferred from its adoption. Retention of jurisdiction by the Court is for the purpose of certifying the results of the 2015 election, and to provide a forum for prompt review of any claims, by either party, regarding the election and its supervision.

8. Following certification of the result of the 2015 election by the Secretary or his designee, the Court shall enter a decree declaring the officers to be the officers of the union. The duly elected officers will be installed by the Local Union as noted in Paragraph 4 above and shall serve their respective term(s) of office subject to the requirements of the IBEW Constitution and the Act.

9. Upon signing of the settlement agreement by both parties, the Department of Labor will be barred from re-litigating the claims alleged in the underlying Complaint, or from continuing litigation of the claims alleged in the underlying Complaint. Upon certification of the 2015 election results by the court, the underlying Complaint will be dismissed with prejudice. Following certification of the 2015 election results, the DOL may not challenge the election results of IBEW Local 82 for three years. DOL retains its authority to challenge the election results of IBEW Local 82's regularly scheduled election in 2018, upon receipt of an actionable complaint under Title IV of the Act.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/*Margaret A. Schutte*          .
MARGARET A. SCHUTTE (0078968)
Assistant United States Attorney
Attorney for Plaintiff
200 West Second Street
Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Margaret.Schutte@usdoj.gov

s/*David M. Cook* (via email consent)_____
DAVID M. COOK (0023469)
CLAIRE W. BUSHORN
CLEMENT L. TSAO
Cook & Logothetis, LLC
22 W. 9th Street
Cincinnati, Ohio 45202
(513) 721-0444
FAX: (513) 721.1178
dcook@econjustice.com
*Counsel for Defendant, IBEW Local 82*

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

CLINTON WOLCOTT
Counsel for Labor-Management Program

KEIR BICKERSTAFFE
Senior Attorney


U.S. Department of Labor