UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS E. PEREZ, Secretary of Labor,    )
United States Department of Labor,    )
    )
        Plaintiff,    )
    )    Civil Action No. 3:13cv00012
        v.    )
    )    Judge Walter H. Rice
LOCAL UNION 82, INTERNATIONAL    )
BROTHERHOOD OF ELECTRICAL    )
WORKERS,    )
    )
        Defendant.    )

DECLARATION OF
STEPHEN J. WILLERTZ

I, Stephen J. Willertz, am the Acting Chief of the Division of Enforcement, Office of

Labor-Management Standards (OLMS), United States Department of Labor (Department). The

Department supervised an election of officers of Local Union 82, International Brotherhood of

Electrical Workers ("Defendant" or "Local 82"), which consisted of a June 1, 2015 initial

election and a June 22, 2015 run-off, pursuant to a May 8, 2014 Stipulation of Settlement.

Pursuant to this Stipulation, the supervised election included new elections for the position of

Business Manager. The supervised election also included the positions of President, Vice

President, Recording Secretary, Financial Secretary, Treasurer, Business Manager, four

Executive Board Members At Large, three Examining Board Members, three Delegates to the

International Convention, and three Alternate Delegates to the International Convention. Due to

the fact that none of the candidates for business manager received a majority of the vote in the

June 1, 2015 election as required by the Local 82 Bylaws, a run-off election for business manager was conducted on June 22, 2015.

On March 3, 2015, all candidates and election committee members involved in Local 82's 2012 election were mailed an invitation to attend a pre-election conference. The Pre-Election Conference was held on March 23, 2015 at the Local 82 Union Hall (6550 Poe Avenue, Dayton, OH 45414) at 5 p.m. The purpose of the conference was to develop election rules and procedures and to establish timeframes to be used in conducting the election. The conference was open to all interested parties and provided attendees the opportunity to participate in formulating the election rules by presenting materials or comments.

At the March 23, 2015 Pre-Election Conference, Michael Rice—an OLMS Senior Investigator designated as the election supervisor (Election Supervisor)—established the election rules, including nomination and election procedures, protest procedures, and time frames for Defendant Local 82's supervised election. The Election Supervisor advised the attendees that the Department was responsible for assuring the conduct of a fair election under the Labor Management Reporting and Disclosure Act of 1959 (Act), and, insofar as lawful and practicable, in accordance with provisions of Local 82's Bylaws (Local Bylaws), the IBEW Local Union Election Guide (Local Guide), and IBEW Constitution (International Constitution). Moreover, the Election Supervisor advised attendees that the Election Rules were subject to modification. The Election Supervisor mailed a copy of the rules established at the pre-election conference to all invitees on March 26, 2015. On April 14, 2015, Local 82 mailed the combined election/nomination notice to the membership. Candidates received a copy of the combined election/nomination notice at the May 11, 2015 candidates meeting.

The Election Supervisor had the authority and responsibility for implementing all aspects of the supervised election. The same Election Judge was involved in Local 82's 2012 election conducted the election under the supervision of the Department.

The supervised election was conducted for the offices of Business Manager, President, Vice President, Recording Secretary, Financial Secretary, Treasurer, Business Manager, Executive Board Members At Large (4), Examining Board Members (3), Delegates to the International Convention (3), and Alternate Delegates to the International Convention (3). The list of those candidates who won the election is attached.

The protest procedure delineated in the combined elections and nomination notice required that protests "must be made, in writing, during and within 10 days after, the election (and any run-off election, if applicable), to both the DOL election supervisor and the IBEW International Union...." The Department received one pre-election protest but did not receive any post-election protests. The substance of the allegations in the protest is summarized below, followed by the Department's resolution of each allegation.

<u>James Taylor's pre-election protest dated May 22, 2015</u>

<u>Allegation</u>: Taylor alleged that incumbent Business Manager Nick Comstock campaigned on union time in violation of Section 401(g) of the LMRDA by setting up a Local 82 Facebook page during work hours.

<u>Response</u>: Section 401(g) prohibits the use of union funds to promote a candidate for office, which includes campaigning by an incumbent officer while on union time. *See* 29 C.F.R. 452.76. The Department's investigation determined that the "Know Your Union" Facebook page was not created by any union officers or employees. Rather, Chuck Terry—who is a member of Local 82's Labor-Management Committee but is not a union officer or employee—

3

created the page at his home using his personal computer and iPad for the purpose of members to contact the incumbent officers with questions about the union. However, posts and comments on the page were not restricted to incumbent candidates. Opposing candidates also posted comments on the page. There was no violation of the LMRDA.

Allegation: Taylor alleged that there was campaigning on union time because campaign information was posted using electronic methods.

Response: Taylor alleged that Comstock listed the members of his campaign slate on the "Know Your Union" Facebook page during union time. However, the Facebook post was dated on a Saturday during non-work hours. There was no evidence that Comstock posted material promoting or disparaging candidates during union time. There was no violation of the LMRDA.

Allegation: Taylor alleged that Business Manager Nick Comstock discriminatorily used union funds to campaign by using union computers, office space, and access to the membership list not afforded to other candidates.

Response: Section 401(c) of the LMRDA prohibits disparate treatment among candidates for union office. *See* 29 U.S.C. § 481(c). The investigation determined that Comstock used his personal computer at home to create campaign materials. There is no evidence that Comstock used the membership list. There was also no evidence that any other candidate requested to access or use union computers, office space, or the membership list but was denied by Local 82. Additionally, the Election Judge gave member address mailing labels to any candidate that requested them. There was no violation of the LMRDA.

Allegation: Taylor alleged that Business Manager Nick Comstock was discriminatorily given unlimited access to union materials at all times.

4

Response:  The investigation did not corroborate the allegation that Local 82 gave Comstock access to any union materials that was denied to other candidates.   There was no violation of the LMRDA.

The Department has concluded from its investigation that Local 82's June 2015 election of officers, conducted under the Department's supervision, complied with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with the Local Bylaws, the Local Guide, the International Constitution and the Act.  Therefore, no reason exists to overturn the results of this supervised election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __17th__ day of September 2015, in the City of Washington, District of Columbia.

Stephen J. Willertz, Acting Chief
Division of Enforcement,
Office of Labor-Management Standards,
United States Department of Labor

5